# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER K. POST,<br><br>Petitioner,<br><br>v.<br><br>ON HABEAS CORPUS,<br><br>Respondent. | Case No. 1:17-cv-00677-JLT (HC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving a fifteen-year sentence for his conviction in Los Angeles County of attempted second degree murder, robbery, and use of a firearm. He challenges a finding in a disciplinary hearing held on November 10, 2014, in which he was found guilty of battery on an inmate with the use of a weapon and assessed a loss of 360 days of good time credit. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court will order the petition be **SUMMARILY DISMISSED**.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B. Facts[1]

On August 31, 2014, Officer Macias was in a control booth when he heard an alarm sound from the yard. As he looked out, he witnessed Petitioner and Inmate Portis punching Inmate Wagner in the upper torso and facial area. Officer Macias yelled to Petitioner and Portis to stop and fired a 40mm impact round at the inmates, but they continued to batter Wagner. Portis then wrapped his legs around Wagner's waist and held Wagner's arms behind his back while Petitioner began striking Wagner in the facial area. Officer Macias ordered Petitioner to get down with negative results. Officer Macias fired a second 40mm round at Petitioner. Petitioner and Portis continued their attack on Wagner. Staff then arrived and all inmates assumed a prone position. Upon processing the crime scene, an inmate-manufactured weapon fashioned from clear melted plastic and sharpened to a point was discovered near the incident. Wagner suffered injuries including a "cut/laceration/slash" to his right ear. Officers took photographs of Wagner's head wrapped in bandages with blood on the bandages, blood covering Wagner's chest, and Petitioner covered in blood.

C. Procedural History

On September 14, 2014, Petitioner was issued a rules violation report for battery on an inmate with a weapon and with a gang nexus. (Doc. No. 1, Ex. B.) On September 13, 2014, an investigative employee was assigned. (Doc. No. 1, Ex. C.) He conducted an investigation and completed his report of the incident. (Doc. No. 1, Ex. C.) On November 9, 2014, a staff assistant was assigned to Petitioner. (Doc. No. 1, Ex. C.) The staff assistant met with Petitioner and explained the nature of the charges, the disciplinary process, and the evidence against him.

---

[1] The facts are derived from the petition and the exhibits attached thereto. (Doc. No. 1.)

On November 10, 2014, a disciplinary hearing was held. (Doc. No. 1, Ex. C.) Petitioner entered a plea of not guilty and provided the following statement: "That guy wasn't stabbed." (Doc. No. 1, Ex. C.) Upon consideration of the evidence, the Senior Hearing Officer concluded that Petitioner was guilty of battery on an inmate with a weapon with a gang nexus. (Doc. No. 1, Ex. C.)

Petitioner filed administrative appeals, and the appeals were denied at all administrative levels. (Doc. No. 1, Ex. I.) He then sought relief in the state courts. On November 6, 2015, he filed a petition for writ of habeas corpus in the Kern County Superior Court. (Doc. No. 1, Ex. A1.) The petition was denied in a reasoned decision on January 25, 2016. (Doc. No. 1, Ex. A1.) On April 18, 2016, he filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. No. 1, Ex. I.) The Fifth DCA denied the petition concluding that "Petitioner fail[ed] to demonstrate the disciplinary decision [wa]s not supported by at least 'some evidence.' (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.)" (Doc. No. 1, Ex. I.) He filed a habeas petition in the California Supreme Court on November 14, 2016, and the petition was denied without comment on January 11, 2017. (Doc. No. 1, Ex. A2.)

D.  AEDPA Standard

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under AEDPA, a petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule

that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

E.  <u>Legal Standard in Prison Disciplinary Proceedings</u>

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id</u>. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455 (citing <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927)).

F.  <u>Analysis</u>

Petitioner does not dispute that he received the first three due process protections. Indeed, he was provided written notice of the November 10, 2014, hearing on September 14, 2014. He was also allowed to call witnesses and present documentary evidence. He declined to call any witnesses but presented documentary evidence. Finally, he was provided a written statement by the fact finder when he was issued a copy of the disciplinary hearing report on December 16, 2014. (Doc. No. 1, Ex. C.)

Petitioner's sole claim is that the evidence was insufficient to support a charge of battery on an inmate with the use of a weapon. He claims the evidence did not support the finding that he used a weapon in the assault, but only supported a charge of battery. He points to the fact that the medical report did not reflect puncture-type wounds consistent with a stabbing. He further notes that the victim denied having been stabbed. In addition, he argues that none of the officers

who witnessed the event saw Petitioner with a weapon. Rather, the weapon was located after the fact during an investigation of the area of the assault. Finally, Petitioner notes that there were two assaults that took place during the incident. He and Inmate Portis attacked Inmate Wagner, while at the same time and approximately 25-30 feet away, two black inmates were observed fighting with Inmate Mower. Petitioner states that a photograph taken of Inmate Mower reflects what appeared to be a puncture wound in his upper torso area. (Doc. No. 1, Ex. H.)

In denying Petitioner's claim, the state court determined that there was at least some evidence to support the guilty finding. The superior court noted that the rules violation report, crime incident reports, photographs of Wagner's injuries, the weapon, and the medical report all demonstrated the extent of harm suffered by Wagner at Petitioner and Inmate Portis' hands. The court further noted that although Wagner denied that he was stabbed, his assertions were found not credible, since "[i]t is common practice for inmates to deny any victimization to prevent reprisals by other inmates due to being a 'snitch.'" (Doc. No. 1, Ex. A1.)

Petitioner fails to demonstrate that the state court determination was an unreasonable application of Supreme Court precedent. The <u>Hill</u> "some evidence" standard is minimally stringent. <u>Hill</u>, 472 U.S. at 455-56. The Supreme Court stated that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id</u>. Here, the evidence showed that Petitioner repeatedly struck the victim in the head and upper torso area while Inmate Portis held the victim's hands to his back. Although the officers who viewed the assault from their booths could not say whether Petitioner used a weapon, one was discovered in the location immediately after the assault. In addition, the victim sustained injuries including a "cut/laceration/slash" to his right ear. (Doc. No. 1, Ex. G.) Although a puncture-type wound is not notated, a "cut/laceration/slash" wound is also typical of the type of injury inflicted by a sharp stabbing-type weapon. Furthermore, photographs depicted Petitioner covered in blood, and the victim with blood on his upper torso and the bandages covering his head. Thus, a reasonable factfinder could conclude from this evidence that Petitioner inflicted the "cut/laceration/slash" wound to Inmate Wagner with the use of the plastic weapon located at the scene. Accordingly, Petitioner does not show that the state court finding

6

1 that at least some evidence supported the guilty determination was unreasonable. Because Petitioner fails to demonstrate a violation of his constitutional rights, the petition must be dismissed.

G.     Proper Respondent

In addition, Petitioner fails to name a respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Normally, the Court would provide Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent. In this case, however, it is clear from the face of the petition that Petitioner is not entitled to habeas relief. Therefore, the Court will not provide Petitioner the opportunity to amend to name a proper respondent.

**ORDER**

Accordingly, the Court ORDERS:

1) The Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) As this petition does not concern the underlying conviction, a certificate of

appealability is not required for an appeal. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).

IT IS SO ORDERED.

Dated: __**July 11, 2017**__             __**/s/ Jennifer L. Thurston**__
                                                                        UNITED STATES MAGISTRATE JUDGE